OPINION
{¶ 1} Defendant-appellant, John Kelly, appeals from a Columbiana County Common Pleas Court judgment sentencing him to five years in prison and suspending his driver's license for life following his guilty plea to a charge of third-degree felony driving while under the influence.
 {¶ 2} A Columbiana County grand jury issued a secret indictment against appellant on March 2, 2007, charging him with one count of driving under the influence of alcohol or drugs (DUI) where appellant had previously been convicted of or pleaded guilty to a fourth-degree felony DUI. This charge was a third-degree felony DUI in violation of R.C. 4511.19(A)(1)(a). Appellant initially pleaded not guilty.
 {¶ 3} On the day the matter was set to go to trial, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the plea agreement, appellant would plead guilty to the charge and the state would recommend a three-year prison sentence.
 {¶ 4} At the sentencing hearing, the prosecutor recommended a three-year sentence per the plea agreement. The prosecutor also informed the court that since appellant entered his plea, he was arrested for another DUI offense and driving under suspension. The trial court subsequently sentenced appellant to five years in prison and suspended his driver's license for life.
 {¶ 5} On March 20, 2008, appellant filed a pro se motion for "change of plea and sentence." He alleged that the trial court overlooked or disregarded the signed plea agreement that recommended a three-year prison sentence. Therefore, he requested that the court modify his sentence to three years.
 {¶ 6} The trial court denied appellant's motion. It found that there was a written plea agreement indicating that the state would recommend a three-year sentence for appellant. It also found that the plea agreement stated that the judge was not a party to the agreement and did not have to follow any recommendations contained in it. The court further found that at the plea hearing, it made clear to appellant that it could impose any sentence it wished upon him and that it was not bound by the agreement. The court went on to explain that between the time appellant pleaded guilty and his sentencing hearing, appellant was arrested and *Page 2 
charged with another felony DUI and stopped a second time for another DUI offense, although he was not charged with the second one. The court stated that these matters appeared in appellant's pre-sentence investigation (PSI) report. Thus, the court stated it exercised its discretion in ignoring the state's recommendation of a three-year sentence and instead imposed a five-year sentence.
 {¶ 7} Appellant filed a motion for a delayed appeal on May 9, 2008, which this court granted. Appellant, acting pro se, now raises two assignments of error, the first of which states:
 {¶ 8} "THE STATE OF OHIO BREACHED ITS PLEA AGREEMENT AND SPECIFIC PERFORMANCE IS WARRANTED."
 {¶ 9} Here appellant points to the prosecutor's statement to the court at the sentencing hearing where the prosecutor stated that the state recommended three years and also noted that appellant had recently been arrested for another DUI. Appellant contends that the state must be required to "specifically perform" its end of the plea agreement.
 {¶ 10} The state did uphold its end of the plea agreement. The plea agreement contained one term for appellant: Plead guilty to a violation of R.C. 4511.19(A)(1)(a). The agreement further contained three terms for the state: (1) recommend a three-year term of incarceration; (2) oppose community control sanctions; and (3) if community control is imposed, recommend that it be imposed by EOCC. It also provided that appellant understood that a prison term was mandatory in this case.
 {¶ 11} At the change of plea hearing, the state indicated to the court that in exchange for appellant's plea, it would recommend a three-year sentence. (Plea Tr. 9-10). And at the sentencing hearing, the state stood by its recommendation. Specifically, the prosecutor stated: "Your Honor, the State has, by way of a Felony Plea Agreement on June 27th recommended three years incarceration for this offense." (Sentencing Tr. 3-4).
 {¶ 12} The prosecutor then addressed appellant's prior record: "The Defendant's prior criminal record speaks for itself, as well as the fact that the *Page 3 
Defendant, as the Court I believe is aware, previously — or recently has been arrested for another OVI offense, and I presume a twenty-second or twenty-third driving under suspension offense." (Sentencing Tr. 4).
 {¶ 13} Appellant contends that because the state brought up his prior record and recent arrest, it did not comply with the plea agreement. However, nothing in the plea agreement precluded the state from placing appellant's prior record or recent arrest before the court. What is important is that the state complied with the plea agreement. It clearly stated that per the agreement, it was recommending a three-year sentence. As such, the state did not renege on the plea agreement as appellant suggests. Thus, appellant's claim that the state did not "specifically perform" is unfounded.
 {¶ 14} Furthermore, the trial court was already aware of appellant's most recent DUI arrest. The court stated in its judgment entry denying appellant's motion to withdraw his plea that this information was contained in appellant's PSI report. Thus, even if the prosecutor had not brought this information to the court's attention, the court would have nonetheless considered it in rendering its sentence.
 {¶ 15} Accordingly, appellant's first assignment of error is without merit.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED DUE PROCESS EQUAL PROTECTION OF THE LAW IN IMPOSING [A] 5-YEAR PRISON TERM."
 {¶ 18} Appellant argues here that the trial court acted unreasonably and arbitrarily in imposing a five-year sentence instead of a three-year sentence. Appellant contends that a three-year sentence was "promised" and that by imposing a greater sentence the trial court denied him due process and equal protection of the law.
 {¶ 19} Our review of felony sentences is now a limited, two-fold approach, as outlined by the recent plurality opinion in State v.Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶ 26. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to *Page 4 
determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
 {¶ 20} Before accepting appellant's plea, the court engaged in a lengthy colloquy with him. Part of that colloquy involved the issue of the plea agreement. The following excerpt is relevant:
 {¶ 21} "THE COURT: Now do you understand I'm not party to this agreement, and do not have to follow any recommendations contained in it? In other words, I can sentence you to more time, or I can sentence you to less time?
 {¶ 22} "MR. KELLY: I understand that." (Plea Tr. 15).
 {¶ 23} Additionally, the court discussed the possible penalties appellant faced with him:
 {¶ 24} "THE COURT: * * * The law requires that I sentence you to at least twelve months in prison, and you can be sentenced up to five years in prison; do you understand that?
 {¶ 25} "MR. KELLY: Yes." (Plea Tr. 16-17).
 {¶ 26} Additionally, appellant informed the court that no promises or threats were made that induced him to plead guilty. (Plea Tr. 15).
 {¶ 27} And in the Judicial Advice to Defendant, which appellant read, went over with his counsel, and signed, he indicated that he understood that he faced a maximum penalty of five years in prison. (Plea Tr. 15).
 {¶ 28} Thus, the court made abundantly clear to appellant that it was not bound by the state's recommendation of a three-year prison sentence. It plainly informed appellant that it could sentence him anywhere from 12 months to five years *Page 5 
in prison. Appellant cannot point to any way in which the court violated his equal protection or due process rights in choosing to impose a five-year sentence.
 {¶ 29} Courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an offense. State v. Martinez, 7th Dist. No. 03-MA-196,2004-Ohio-6806, ¶ 8, citing State v. Buchanan, 154 Ohio App.3d 250, 253,2003-Ohio-4772, State v. Mayle, 11th Dist. No. 2002-A-0110,2004-Ohio-2203, State v. Tucci, 7th Dist. No. 01CA234, 2002-Ohio-6903. Thus, the fact that the state recommended a three-year sentence in this case by no means obligated the trial court to impose this sentence.
 {¶ 30} Furthermore, the trial court imposed a sentence that was within the statutory range for appellant's third-degree felony conviction. The possible sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). In this case, the court sentenced appellant to five years.
 {¶ 31} Thus, the trial court complied with the applicable sentencing rules and did not abuse its discretion in selecting a sentence for appellant that deviated upward from the prosecutor's recommendation. Accordingly, appellant's second assignment of error is without merit.
 {¶ 32} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1