[Cite as *State v. Ericson*, 2010-Ohio-4315.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )
    PLAINTIFF-APPELLEE,            )
                                        )
VS.                                     )        CASE NO. 09 MA 109
                                        )
JOHN ERICSON,                           )        OPINION
                                        )
    DEFENDANT-APPELLANT.           )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 09CR207A

JUDGMENT:                        Affirmed in part
                                 Reversed and remanded in part

APPEARANCES:
For Plaintiff-Appellee           Paul Gains
                                 Prosecutor
                                 James MacDonald
                                 Assistant Prosecutor
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Douglas A. King
                                 Hartford, Dickey & King Co., LPA
                                 91 West Taggart Street, P.O. Box 85
                                 East Palestine, Ohio 44413

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 10, 2010

DONOFRIO, J.

{¶1} Defendant-appellant John Ericson appeals his conviction and sentence in the Mahoning County Common Pleas Court for burglary, a violation of R.C. 2911.12(A)(2)(C), a second-degree felony, following his guilty plea.

{¶2} On February 26, 2009, Ericson, along with his co-defendant Anthony Donley, was indicted by a Mahoning County grand jury for a burglary committed on May 23, 2007, in Mahoning County, Ohio. The indictment was served upon Ericson while he was incarcerated at the Lorain Correctional Institution, serving a sentence on other charges.

{¶3} The state and Ericson entered into a Crim.R. 11 plea agreement wherein Ericson pleaded guilty to the burglary charge and the state agreed to recommend a two-year sentence to be served consecutive to the sentence he was then serving from Trumbull County Common Pleas Court case number 2007-CR-420. (Plea Hearing Tr. 2). Following a Crim.R. 11 colloquy, the trial court accepted Ericson's guilty plea. (Plea Hearing Tr. 8-9).

{¶4} On June 8, 2009, Ericson appeared before the Mahoning County Common Pleas Court for sentencing. After considering the record, oral statement, and the pre-sentence investigation report and probation violation report considered in case number 2004-CR-336 as well as statutory sentencing factors in R.C. 2929.11 and 2929.12, the trial court sentenced Ericson to four years in prison to be served consecutively to the sentence imposed in Trumbull County Common Pleas Court case number 2007-CR-420. (06/09/2009 J.E.) The court also indicated that Ericson was not amenable to community control and that he was subject to postrelease control of up to five years. (06/09/2009 J.E.) This timely appeal followed.

{¶5} On December 3, 2009, Ericson's appellate counsel filed a combined no merit brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and motion to withdraw. In this district a no merit brief is also called a *Toney* brief. *State v. Toney* (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419. On December 11, 2009, this court provided Ericson thirty days to file his own brief, but he did not do so. Relying on *Anders*, in *Toney,* this court set forth the

procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

**{¶6}** "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

**{¶7}** "4. Court-appointed counsel's conclusion and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

**{¶8}** "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

**{¶9}** " * * *

**{¶10}** "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of the court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

**{¶11}** Since Ericson pleaded guilty to the burglary charge, there are two issues that Ericson could appeal: 1) whether the plea was entered into knowingly, intelligently, and voluntarily and 2) the sentence.

**{¶12}** When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee,* 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has

been obtained in violation of due process and is void. *State v. Martinez,* 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. The advisements pursuant to Crim.R. 11(C) that the court is required to make prior to accepting the plea are typically divided into constitutional and non-constitutional rights.

{¶13} The constitutional rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. A trial court must strictly comply with these requirements. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶14} The nonconstitutional rights include that the defendant must be informed of the nature of the charges, including the maximum penalty involved (which includes an advisement on postrelease control), that the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶15 quoting *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have

been otherwise entered. *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶15 citing *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

**{¶15}** A review of the plea hearing transcript indicates that Ericson was advised of all of the constitutional rights he was waiving by entering a guilty plea. He was advised of the right to a trial by jury, the right to have the state prove its case beyond a reasonable doubt, the right to cross-examine witnesses against him, the right to compel witnesses to testify on his behalf, and the right against self-incrimination. (Plea Hearing Tr. 3-4).

**{¶16}** Next, we turn to whether the trial court substantially complied with the nonconstitutional advisements. The trial court informed Ericson that the court could sentence him to a two, three, four, five, six, seven, or an eight year term of imprisonment and that he could be fined up to $15,000. (Plea Hearing Tr. 4, 5). This is a correct recitation of the penalties involved for a second-degree felony. R.C. 2929.14(A)(2) (indicating the possible sentence for a second-degree felony); R.C. 2929.18(A)(3)(b) (indicating the fine for a second-degree felony).

**{¶17}** The trial court also indicated that Ericson was eligible for community control sanctions as a result of this offense. (Plea Hearing Tr. 4-5). While R.C. 2929.13(D)(1) indicates that a second-degree felony burglary offense carries a presumption that a prison term is necessary, R.C. 2929.13(D)(2) provides that a trial court may depart from that presumption when it finds two specific factors. Thus, the court's advisement was technically correct.

**{¶18}** The trial court also advised Ericson that after accepting the plea, the court is permitted to proceed immediately with judgment and sentence. (Plea Hearing Tr. 4).

**{¶19}** As for postrelease control, Ericson was convicted of a second-degree felony. When sentencing an offender on a first- or second-degree felony, certain third-degree felonies, and felony sex offenses, the trial court is required to impose a period of postrelease control. R.C. 2967.28(B). For a second-degree felony, the

postrelease control period is a mandatory three years. R.C. 2967.28(B)(2).[1] Here, at the plea hearing, the trial court advised Ericson on postrelease control as follows:

**{¶20}** "THE COURT: Now, if this court does sentence you to prison, do you understand when you're released from prison you could be subject to a period of post-release control for up to three years?

**{¶21}** "THE DEFENDANT: Yes, ma'am.

**{¶22}** "THE COURT: And if you are placed on post-release control and you violate any term or condition of that post-release control, do you understand that the time you're on post-release control can be increased, or you could be placed back in prison for segments up to nine months but for no more than half of the total time this court would sentence you to?

**{¶23}** "THE DEFENDANT: Yes, Ma'am.

**{¶24}** "THE COURT: Furthermore, if you commit a new felony while on post-release control, do you understand that any prison time you get for that new felony would be in addition to and consecutive to prison time you would have to spend for either the balance of your post-release control time of 12 months, whichever's greater." (Plea Hearing Tr. 5-6).

**{¶25}** As the above colloquy demonstrates, the trial court seemed to indicate to Ericson that the imposition of postrelease control is discretionary when in fact it is mandatory. The written plea agreement also incorrectly indicated that postrelease control was discretionary, not mandatory.

---

1.      **{¶ a}** R.C. 2967.28(B) provides in pertinent part:

**{¶ b}** "(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person *shall* include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division.

**{¶ c}** "* * *

**{¶ d}** "(2) For a felony of the second degree that is not a felony sex offense, *three* years[.]" (Emphasis added.)

**{¶26}** However, despite the misinformation about whether postrelease control was mandatory or discretionary, the trial court's remaining advisement on postrelease control was clear and accurate. The trial court correctly advised Ericson that the term of postrelease control would be three years and the consequences for violating the terms thereof. Thus, given that instruction, we find that there is some compliance here.

**{¶27}** Admittedly, the Ohio Supreme Court in *Sarkozy* stated in paragraph two of the syllabus:

**{¶28}** "If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause."

**{¶29}** As this court recognized in *State v. Berch*, 7th Dist. No. 08-MA-52, 2009-Ohio-2895, at first blush, the foregoing quote seems to support the idea that Berch's plea should be vacated. However, factually in *Sarkozy*, the Ohio Supreme Court was ruling on a plea colloquy that failed to mention postrelease control at all and found in that instance, that there was no compliance with Crim.R. 11. During its analysis it stated:

**{¶30}** "Rather, we find that there was no compliance with Crim.R. 11. The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a)." Id. at ¶22.

**{¶31}** In *Berch* we noted that this paragraph indicates that misinforming a defendant about whether the postrelease control is mandatory or discretionary does not per se amount to a Crim.R. 11 violation that necessitates the vacation of a plea.

*Berch* at ¶33. Thus, the question now becomes, did the trial court in this case substantially comply or only partially comply with Crim.R. 11(C). Because of the misinformation at the plea colloquy about whether the postrelease control was mandatory or discretionary and the fact that the written plea agreement incorrectly stated that the postrelease control was discretionary instead of mandatory, there was no substantial compliance. However, due to the correctness of the remaining advisement on postrelease control there was partial compliance.

**{¶32}** Since there was partial compliance, the only way that the plea can be vacated is if Ericson can demonstrate a prejudicial effect. As stated above, the test for prejudice is "whether the plea would have otherwise been made." *Nero,* 56 Ohio St.3d at 108. The Supreme Court has not offered much guidance as to what this entails.

**{¶33}** That said, given the facts of this case, prejudice cannot be found. In this instance, Ericson was indicted for burglary, in violation of R.C. 2911.12(A)(2)(C), a second-degree felony. He faced a maximum of eight years in prison. Instead, his trial counsel was able to negotiate a plea agreement that resulted in the state recommending only a two-year prison term. It was a plea agreement favorable to Ericson and provided a compelling incentive to plead. While the trial court did not follow that recommendation, it still sentenced Ericson to four years in prison, only half of the maximum he faced. It is a reasonable conclusion that the plea would still have been made if the trial court had advised Ericson that the period of postrelease control was mandatory instead of discretionary. Moreover, given that a *Toney* brief was submitted in this matter, the record does not disclose any concern by Ericson or his counsel on this issue. In other words, neither Ericson nor his counsel has pointed out to this court any perceived prejudice.

**{¶34}** In sum, Crim.R. 11(C) was more than adequately complied with and, as such, there are no appealable issues concerning the plea.

**{¶35}** Turning to sentencing, there are two aspects of Ericson's sentence that need to be addressed separately – imprisonment and postrelease control. The trial

court sentenced Ericson to a four-year term of imprisonment to run consecutive to the sentence he was serving from his Trumbull County conviction. The trial court also stated that Ericson could be subject to a period of postrelease control of up to five years. (06/09/2009 J.E.; Sentencing Hearing Tr. 7). The trial court did not fine Ericson.

**{¶36}** The Ohio Supreme Court has held that in reviewing felony sentences, the appellate courts must use a two-prong approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶37}** The analysis begins with whether Ericson's four-year sentence for the second degree felony burglary conviction is contrary to law. This sentence fell within R.C. 2929.14(A)(2)'s statutory sentencing range for a second degree felony. Also, the judgment entry reflects that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors as required by R.C. 2929.12. (06/09/2009 J.E.). However, in the sentencing transcript the trial court did not mention R.C. 2929.11 and R.C. 2929.12. Despite the lack of reference at the sentencing hearing to either R.C. 2929.11 or R.C. 2929.12, it is clear from the transcript that the trial court considered those statutes. The trial court was aware of Ericson's "pretty bad history" of criminal activity, the fact that he is a drug addict, that he has been a model prisoner while in the penitentiary for the Trumbull County conviction, and that he expressed remorse for the crime. (Sentencing Hearing Tr. 3-4). Consequently, as to the sentence to a four-year term to run consecutive to the Trumbull County sentence, the sentence was not contrary to law; the trial court considered all applicable statutes.

**{¶38}** Having found that the four-year term of imprisonment sentence is not

*contrary to law*, we now turn to whether the trial court *abused its discretion* in sentencing Ericson to four years. *Kalish* at ¶4. In the *Toney* brief, counsel indicates that Ericson believes that the court abused its discretion in not following the two-year sentencing recommendation from the state. Given Ericson's criminal record and the fact that the sentence is within the applicable sentencing range, this court finds that the trial court did not abuse its discretion. Furthermore, the court adequately explained to Ericson during the plea hearing that it was permitted to sentence him within the applicable sentencing range. Courts are not bound by the state's recommendation in sentencing, even when the recommended sentence induces the defendant to plead guilty to an offense. *Martinez,* 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶8, citing *State v. Buchanan,* 154 Ohio App.3d 250, 253, 2003-Ohio-4772, 796 N.E.2d 1003, *State v. Mayle,* 11th Dist. No.2002-A-0110, 2004-Ohio-2203, *State v. Tucci,* 7th Dist. No. 01 CA234, 2002-Ohio-6903. Thus, the fact that the state recommended a two-year sentence in this case by no means obligated the trial court to impose this sentence, nor does it render the trial court's decision in this instance to sentence Ericson to a four-year sentence an abuse of discretion. *State v. Kelly*, 7th Dist. No. 08-C)-17, 2009-Ohio-1035, ¶31.

{¶39} Therefore, as to the four-year sentence for the second-degree felony burglary conviction there are no appealable issues.

{¶40} Turning now to the postrelease control sentence, as aforementioned, the trial court stated that Ericson could be subject to a period of postrelease control of up to five years. (06/09/2009 J.E.; Sentencing Hearing Tr. 7). That statement is incorrect because it indicates that the term of postrelease control is not mandatory and also incorrectly states the term of postrelease control. R.C. 2967.28(B)(2) provides that for a second-degree felony, that is not a felony sex offense, the offender is subject to a mandatory three-year term of postrelease control.

{¶41} The Ohio State Supreme Court set out the proper remedy for this error in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. See also *State v. Mock*, 7th Dist. No. 08-MA-94, 2010-Ohio-2747. In *Singleton*, upon sentencing the

defendant, the trial court improperly stated that he was subject only to the *possibility* of five years postrelease control and it did not specify that the parole board could impose an additional prison term of up to one-half of his prison sentence for a violation of postrelease control. The court of appeals agreed and remanded the matter for a de novo resentencing hearing. The state appealed arguing that prior to the expiration of a prison term, a trial court may correct a sentence lacking a mandatory term of postrelease control pursuant to R.C. 2929.191, which was enacted on July 11, 2006.[2]

{¶42} The Ohio Supreme Court acknowledged its prior holdings that when a trial court imposes a sentence without properly notifying the defendant of postrelease control, the sentence is contrary to law and void. Id. at ¶14, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, *State v. Beasley* (1984), 14 Ohio St.3d 74. However, the Court noted that before the enactment of R.C. 2929.191 in July 2006, there was no statutory mechanism to correct a sentence that failed to comport with the statutory postrelease control requirements. Id. at ¶22. But the Court observed

---

2. {¶ a} R.C. 2929.191 provides in pertinent part:

{¶ b} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) [first- or second-degree felony, felony sex offense, or third-degree felony where offender threatened or caused physical harm] of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

{¶ c} "* * *

{¶ d} "(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."

that with R.C. 2929.191, the legislature provided a statutory remedy to correct a failure to properly impose postrelease control. Id. at ¶23. It explained:

**{¶43}** "Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." Id.

**{¶44}** The Court further pointed out that the R.C. 2929.191 hearing pertains only to the "flawed imposition of postrelease control" as the General Assembly apparently intended to "leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose postrelease control at the original sentencing." Id. at ¶24.

**{¶45}** Consequently, the Court held:

**{¶46}** "1. For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.

**{¶47}** "2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." Id. at paragraphs one and two of

the syllabus.

**{¶48}** Because Ericson was convicted and sentenced after the July 11, 2006, enactment of R.C. 2929.191 and is still serving his prison sentence, the proper procedure here is to remand the matter to the trial court to hold a hearing pursuant to R.C. 2929.191(C) while keeping the remainder of Ericson's sentence intact.

**{¶49}** In conclusion, there are no appealable issues concerning the plea or the trial court's imposition of a four-year prison sentence and, to that extent, the decision of the trial court is hereby affirmed. However, the trial court failed to properly impose postrelease control. Therefore, with regard only to the improper imposition of postrelease control, the decision of the trial court is hereby reversed and the matter is remanded to the trial court for the limited purpose of a R.C. 2929.191 hearing to correct the postrelease control portion of Ericson's sentence. Counsel's motion to withdraw is denied.

Vukovich, P.J., concurs.

Waite, J., concurs.