[Cite as *State v. Hurt*, 2010-Ohio-6598.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA3363 |
| vs. | : | |
| JOHN D. HURT, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:     John D. Hurt, #556-534, R.C.I., P.O. Box 7010,
Chillicothe, Ohio, 45601

COUNSEL FOR APPELLEE:     Mark E. Kuhn, Scioto County Prosecuting Attorney,
602 Seventh Street, Room 310, Portsmouth, Ohio
45662

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-27-10

ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that overruled a number of motions filed by John Hurt, defendant below and appellant herein.

{¶ 2} Appellant assigns the following errors for review:

"THE COURT ERRED WHEN IT FAILED TO PROPERLY
INCLUDE, IN APPELLANT'S SENTENCE, AT THE TIME
OF SENTENCING, ADEQUATE IMPOSITION OF POST
RELEASE CONTROL, AND ADEQUATE NOTIFICATION
OF CONSEQUENCES FOR VIOLATION OF POST

RELEASE CONTROL."

{¶ 3} In 2007, appellant was convicted of voluntary manslaughter and sentenced to serve ten years in prison. We affirmed his conviction and sentence. See State v. Hurt, Scioto App. No. 07CA3176, 2009-Ohio-239. Although we granted an App.R. 26(B) application to reopen the appeal, a majority of this Court reaffirmed his conviction. See State v. Hurt, Scioto App. No. 07CA3176, 2009-Ohio-5811.

{¶ 4} Appellant's latest challenge to his conviction is a motion for "re-sentencing" that he apparently intended to file in the trial court, but instead was filed with the court of appeals. We overruled that motion on January 15, 2010, and the trial court overruled it on May 13, 2010. This appeal followed.

{¶ 5} The gist of appellant's motion, which appears nowhere in the appellate record, is that the trial court failed to adequately inform him of post-release control at the time of his sentencing. Because of this deficiency, appellant continues, his sentence is void and the trial court erred by not remanding his case for re-sentencing.

{¶ 6} The Ohio Supreme Court has emphasized that defendants be warned of post-release control conditions. If the warnings are not given, the judgment is void and the case must be remanded for re-sentencing. See e.g. State v. Bloomer, 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009-Ohio-2462, at ¶¶5-7; State v. Bezak, 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250, at the syllabus; State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864, 2004-Ohio- 6085, at ¶23.

{¶ 7} The July 17, 2007 judgment unequivocally states that appellant "will serve a term of post release control of 5 years." Voluntary manslaughter is a first degree

felony. R.C. 2903.03(B).   A period of five years post-release control is required for first

degree felonies. R.C. 2967.28(B)(1).   The sentencing hearing transcript, however,

reveals that appellant was "notified that post release control would be mandatory in this

case <u>up to</u> five years." (Emphasis added.)   What is at issue here is use of the phrase

"up to" when the Court notified appellant of post-release control.   Was the use of those

words enough to show that the trial court inadequately advised appellant of his

post-release control?   Reluctantly, we conclude that it was.

{¶ 8}   Our colleagues in our sister appellate districts have concluded the use of

the phrase "up to," when warning of a mandatory period of post-release control,

erroneously conveys the idea that this period is discretionary. See e.g. <u>State v. Ericson</u>,

Mahoning App. No. 09MA109, 2010-Ohio-4315, at ¶40; <u>State v. Jones</u>, Cuyahoga App.

No. 94216, 2010-Ohio-4136, at ¶5; <u>State v. Redwine</u>, Brown App. No. CA2009-12-145,

2010-Ohio-3468, at ¶¶11-12.   Although this appears to us to border on the absurd, and

we are not fully convinced that appellant suffered any prejudice in light of the clear

language included in the judgment entry, we nevertheless accept the view taken by the

Seventh, Eighth and Twelfth Appellate Districts.

{¶ 9}   Informing appellant at the sentencing hearing that he would be subject to

"up to" five years of post-release control after his release from prison is error.   The

period of post-release control for voluntary manslaughter is mandatory.   Thus, the "up

to" phrase pronounced at the sentencing hearing could have conveyed the impression

that the time is discretionary.   This is not the end of the matter, however.

{¶ 10} The Ohio General Assembly enacted the following corrective mechanism

for courts to apply if post-release control was not properly imposed:

> "If . . . a court imposed a sentence . . . and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1).

Although the Ohio Supreme Court has held this statute cannot be applied retroactively from its effective date, see State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, at ¶¶25-26, appellant was sentenced on July 17, 2007. This date is beyond the statute's effective date of July 11, 2006. Thus, appellant is subject to the R.C. 2929.191 corrective procedure.

{¶ 11} Accordingly, we sustain appellant's assignment of error to this limited extent, reverse the trial court's judgment and remand the case for a hearing pursuant to R.C. 2929.191(C).[1]

---

[1] R.C. 2929.191(C) states in pertinent part:

"[A] court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a

                                           JUDGMENT REVERSED AND
                                           CAUSE REMANDED FOR
                                           FURTHER PROCEEDINGS
                                           CONSISTENT WITH THIS
                                           OPINION.
                          JUDGMENT ENTRY

        It is ordered the judgment be reversed, the cause be remanded for further proceedings consistent with this opinion and that appellant recover of appellee costs herein taxed.

        The Court finds there were reasonable grounds for this appeal.

        It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

        A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

        McFarland, P.J. & Kline, J.: Concur in Judgment & Opinion

                                           For the Court

                                   BY:_____
                               Peter B. Abele, Judge

---

correction to the judgment of conviction."

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.